IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

RODNEY M. CONLEY,

    Petitioner,

v.

CHAE HARRIS, WARDEN,
LEBANON CORRECTIONAL INST.,

    Respondent.

CASE NO. 2:19-CV-3500
JUDGE JAMES L. GRAHAM
Magistrate Judge Chelsey M. Vascura

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner seeks release from confinement imposed pursuant to a state-court judgment in a criminal action. The case has been referred to the undersigned pursuant to 28 U.S.C. § 636(b) and Columbus General Order 14-1 regarding assignments and references to Magistrate Judges.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court ("Rule 4"), the Court conducts a preliminary review to determine whether "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." If it does so appear, the petition must be dismissed. *Id*. Here, it plainly appears that Petitioner is not entitled to relief, because this action constitutes a successive petition, and this Court therefore lacks jurisdiction to consider Petitioner's claims. The undersigned therefore **RECOMMENDS** that this case be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as successive.

## I. Procedural History

Petitioner challenges his February 2010 convictions after a jury trial in the Franklin County Court of Common Pleas on aggravated murder, aggravated robbery, kidnapping, tampering with evidence, and having a weapon while under disability, with specifications. The trial court imposed a term of 39 years to life. On November 23, 2010, the appellate court affirmed the judgment of the trial court. *State v. Conley*, 10th Dist. No. 10AP-227, 2010 WL 4793356 (Ohio Ct. App. Nov. 23, 2010). On March 16, 2011, the Ohio Supreme Court declined to accept jurisdiction of the appeal. *State v. Conley*, 128 Ohio St.3d 1428 (Ohio 2011). On April 25, 2013, Petitioner filed his first federal habeas corpus petition. On September 5, 2013, this Court dismissed that action. *Conley v. Warden*, No. 2:11-cv-1142, 2013 WL 4777180 (S.D. Ohio Sept. 5, 2013). On October 21, 2016, Petitioner filed a delayed application to reopen his appeal pursuant to Ohio Appellate Rule 26(B). (*See* ECF No. 1, PAGEID # 14.) On January 31, 2016, the appellate court denied the Rule 26(B) application as untimely. (PAGEID # 18.) Petitioner did not file a timely appeal. On August 13, 2019, Petitioner filed this habeas corpus petition. He asserts that he was denied the effective assistance of appellate counsel. However, as discussed, this is not Petitioner's first federal habeas corpus petition challenging these same convictions.

## II. Successive Petitions

Pursuant to 28 U.S.C. § 2244(b)(3)(A), before a second or successive petition for a writ of habeas corpus can be filed in the district court, the applicant shall move in the appropriate circuit court of appeals for an order authorizing the district court to consider the application.

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of

habeas corpus in the absence of an order from the court of appeals authorizing the filing of such successive motion or petition. *Burton v. Stewart*, 549 U.S. 147, 152-53 (2007). Unless the court of appeals has given approval for the filing of a second or successive petition, a district court in the Sixth Circuit must transfer the petition to the United States Court of Appeals for the Sixth Circuit. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (*per curiam*). Under § 2244(b)(3)(A), only a circuit court of appeals has the power to authorize the filing of a successive petition for writ of habeas corpus. *Id*.

For these reasons, this Court lacks jurisdiction to entertain a second or successive § 2254 petition unless authorized by the Court of Appeals for the Sixth Circuit. The Sixth Circuit, in turn, will issue this certification only if Petitioner succeeds in making a *prima facie* showing either that the claim sought to be asserted relies on a new rule of constitutional law made retroactive by the United States Supreme Court to cases on collateral review or that the factual predicate for the claim could not have been discovered previously through the exercise of diligence, and these facts, if proven, would establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the applicant guilty. 28 U.S.C. § 2244(b)(2).

The Sixth Circuit described the proper procedure for addressing a second or successive petition filed in the district court without § 2244(b)(3)(A) authorization in *In re Sims:*.

> [W]hen a prisoner has sought § 2244(b)(3)(A) permission from the district court, or when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631.

*Id*. at 47.

### III. Disposition

For the reasons set forth above, it is **RECOMMENDED** that this action be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as successive.

### Procedure on Objections

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(B)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE